IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**THEODORE CHAIRES,**

    **Plaintiff,**

vs.                                                            Case No. 4:11cv140-RH/WCS

**STATE OF FLORIDA,**
**and OFFICER A. FURNEY,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 9. This version of the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff failed to sign the amended complaint. All pleadings must contain an original signature. It is unnecessary to give Plaintiff an opportunity to submit a signed complaint, however, because the allegations fail to state a claim upon which relief amy be granted.

Plaintiff, who is currently in the Leon County Jail, has now listed the Defendants as the State of Florida and Officer A. Furney, doc. 9, and has dismissed claims against

Larry Campbell, Sheriff of Leon County.  *Cf.* Doc. 1.  Plaintiff alleges that he was arrested on March 16, 2001.  Doc. 9.  While Plaintiff does not provide any other dates in the amended complaint, he alleged in his original complaint, doc. 1, that he was arrested and wrongfully sentenced several times, having violated probation, and sentenced to prison for twenty-four months.  *Id.*, at 8.  In the amended complaint, Plaintiff states he was "unlawfully sentenced on February 10, 2005," and Plaintiff contends it was unlawful because the evidence was never tested to determine if the powdery substance found in a plastic bag on the Defendant was crack cocaine.  Plaintiff asserts a violation of his Sixth Amendment rights "[b]y not processing the paper work of evidence" and Plaintiff contends it was a "bold face lie" to accuse him of "having crack cocaine."  *Id.*, at 7.  Plaintiff seeks "punitive damages to the maximum of what the law allows" for this alleged violation.

    Statute of limitations problems aside, Plaintiff does not allege that his conviction has been reversed or overturned on appeal.  It is clear that one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).  In <u>Heck</u>, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372.  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372.  Therefore, this case must be dismissed pursuant to Heck.

Furthermore, the State of Florida is not an appropriate Defendant in a civil rights case.  The Supreme Court has held that States and state officials acting in their official capacities are not "persons" for purposes of Section 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); McKinley v. Kaplan, 177 F.3d 1253, 1255 (11th Cir. 1999).  Additionally, a suit under § 1983 against the state is absolutely barred by the Eleventh Amendment, absent a waiver of the immunity.  Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Gamble v. Florida Department of Health and Rehabilitative Services, 779 F.2d 1509 (11th Cir. 1986).  The State of Florida has not waived its immunity and this case cannot proceed against the State, as Plaintiff was previously advised. *See* doc. 5.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because this case is barred by Heck and may not challenge a valid conviction, and that the order

adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2011.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**