# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**THEODORE CHAIRES,**

    **Plaintiff,**

vs.                                    Case No. 4:11cv140-RH/WCS

**STATE OF FLORIDA,**
**and OFFICER A. FURNEY,**

    **Defendants.**

                                /

## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has submitted a second amended civil rights complaint, doc. 11, an amended motion for leave to proceed *in forma pauperis*, doc. 12, and an affidavit, doc. 13. Because Plaintiff was already granted *in forma pauperis* status in this case, the amended motion may be denied as moot.

The second amended complaint does not cure the defects noted in the last complaint. On June 13, 2011, I entered a report and recommendation, doc. 10, to

dismiss Plaintiff's last amended complaint, doc. 9, because his claim[1] is barred by Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973), and Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Plaintiff may not seek monetary damages related to a conviction or sentence until he can show that the conviction or sentence has been invalidated.

The second amended complaint Plaintiff submitted on June 29, 2011, doc. 11, supersedes the last amended complaint and is similarly barred. Plaintiff entered into a plea agreement which he *now* contends he did not understand. Doc. 11. This case cannot challenge Plaintiff's convicted based on the plea agreement. Moreover, Plaintiff states that he believed he would be released from jail with the plea agreement, but it appears that plea was for a new charge and Plaintiff continued to be held in jail on a violation of probation for a previous conviction.

As Plaintiff was informed in the prior report and recommendation, doc. 10, Plaintiff's convictions have not been reversed or overturned on appeal. Plaintiff may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, *supra*. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372. Therefore, this case must be dismissed and Plaintiff's second amended complaint is barred by Heck.

---

[1] In the amended complaint, Plaintiff states he was "unlawfully sentenced on February 10, 2005," because the evidence was never tested to determine if the powdery substance found in a plastic bag on the Defendant was crack cocaine. Doc. 9. Plaintiff asserts a violation of his Sixth Amendment rights "[b]y not processing the paper work of evidence" and contends it was a "bold face lie" to accuse him of "having crack cocaine." *Id.*, at 7. Plaintiff sought "punitive damages to the maximum of what the law allows" for this alleged violation.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because this case is barred by Heck, that all pending motions be **DENIED**, that the last report and recommendation, doc. 10, be found to be **MOOT**, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2011.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**